Stephanie R. Tatar, Esq. (SBN: 237792)
**Tatar Law Firm, APC**
3500 West Olive Ave., Suite 300
Burbank, CA 91505
(323) 744-1146 Telephone
(888) 778-5695 Facsimile
*Stephanie@TheTatarLawFirm.com*

Attorney for Plaintiff,
KYRAN BARR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

KYRAN BARR, an individual,

    Plaintiff,

vs.

THE LAW OFFICES OF ROBERT J. COLCLOUGH, III, a business entity, form unknown, and ALLIED COLLECTION SERVICES OF CALIFORNIA, LLC, a limited liability company,

    Defendants.

) Complaint
)
) **Case Action No.:**
) **CV11 03813 JEM**

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## PLAINTIFF'S COMPLAINT

KYRAN BARR (hereinafter referred to as "Plaintiff"), by his attorney, Stephanie R. Tatar, alleges the following against THE LAW OFFICES OF ROBERT J. COLCLOUGH, III (hereinafter referred to as "COLCLOUGH"), and ALLIED COLLECTION SERVICES OF CALIFORNIA, LLC (hereinafter referred to as "ALLIED"):

## I. INTRODUCTION

1.      Section 1692 of the Fair Debt Collection Practices Act: Congressional finding and declaration of purpose identifies that "there is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to the invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also passed this statute, because the current laws were "inadequate to protect consumers." 15 U.S.C. § 1692(b) Moreover, the purpose of the statute is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e)

2.      Section 1788.1 of the Rosenthal Fair Debt Collection Practices Act, Legislative Findings: the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confident which is essential to the continued functioning of the banking

and credit system and sound extension of credit to consumer." Cal.Civ.Code §1788.1.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5. Plaintiff KYRAN BARR is an adult individual residing in Redondo Beach, California.

6. Defendant COLCLOUGH is a business entity with its principal office located in Van Nuys, California, and which regularly conducts business in the State of California. The principal purpose of COLCLOUGH is the collection of debts already in default using the mails and telephone, and COLCLOUGH regularly attempts to collect said debts.

7. Defendant ALLIED is a limited liability company with its principal office located in Van Nuys, California, and which is qualified to and regularly conducts business in the State of California. The principal purpose of ALLIED is the collection of debts already in default using the mails and telephone, and ALLIED regularly attempts to collect said debts.

## IV. FACTUAL ALLEGATIONS

8. At all times pertinent hereto, COLCLOUGH attempted to collect a debt relating to consumer purchases (hereafter the "debt").

9. At all times pertinent hereto, ALLIED attempted to collect a debt relating to consumer purchases.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

11. The debt which Defendants attempted to collect pertained to a HSBC credit card.

12. The debt became delinquent in or about 2005.

13. In or around 2008, Plaintiff began receiving calls from ALLIED regarding the debt.

14. In January, 2011, Plaintiff reviewed his credit reports, and discovered that ALLIED was reporting this debt on his credit reports.

15. On January 31, 2011, Plaintiff wrote to ALLIED to dispute the debt.

16. In that correspondence, Plaintiff also demand validation of the amount owed, the calculation used to determine the amount owed, demanded copies of any papers that evidenced the amount owed, the original creditor's address and proof that the statute of limitations had not expired.

17. Plaintiff also demanded that all further communications be made in writing.

18. On March 3, 2011, Plaintiff received a response to the dispute letter he sent to ALLIED. See correspondence attached hereto and marked as Exhibit "A."

19. The letter was written on paper bearing the letterhead "The Law Offices of Robert J. Colclough, III."

20. In the subject heading, COLCLOUGH referenced "Case No. 232991."

21. ALLIED, by and through COLCLOUGH, demanded payment of a principal amount of $6,057.59.

22. ALLIED, by and through COLCLOUGH demanded payment of

1 | interest in the amount of $5,244.11.

23. ALLIED, by and through COLCLOUGH demanded payment of a total sum of $11,302.70.

24. The letter represented that COLCLOUGH was retained by HSBC Bank and Metric Credit Card.

25. The letter indicated that the purpose of the letter was to provide "valid proof of the debt."

26. A proof of the debt, ALLIED, by and through COLCLOUGH attached a redacted trade line from Plaintiff's credit report, which purported to show the HSBC tradeline.

27. The correspondence also stated that this would be the lat attempt to resolve the debt.

28. The correspondence also stated that the account had not been reviewed by an attorney.

29. The correspondence stated that if COLCLOUGH did not receive payment for the account, its client "has instructed this office to file legal action that could result in a judgment against you. That judgment would include the actual cost of the filing fee, the actual cost of the service of process and reasonable attorneys fees."

30. The correspondence also stated that if Plaintiff wished to protect his credit, he must mail the balance due immediately.

31. Neither ALLIED nor COLCLOUGH was in possession of the original agreement between Plaintiff and HSBC that gave rise to the debt.

32. To date, no lawsuit has been filed against Plaintiff.

33. ALLIED acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person contacted.

34. COLCLOUGH acted in a false, deceptive, misleading and unfair

manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person contacted.

35. At all times pertinent hereto, ALLIED was acting by and through its agents, servants and/or employees who were acting within the scope and course of their employment, and under the direct supervision and control of ALLIED.

36. At all times pertinent hereto, the conduct of ALLIED as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

37. As a result of ALLIED's conduct, Plaintiff suffered headaches, nervousness, sleeplessness, upset stomach, and lack of concentration.

38. As a result of ALLIED's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to him great detriment and loss.

39. At all times pertinent hereto, COLCLOUGH was acting by and through its agents, servants and/or employees who were acting within the scope and course of their employment, and under the direct supervision and control of COLCLOUGH.

40. At all times pertinent hereto, the conduct of COLCLOUGH as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

41. As a result of COLCLOUGH's conduct, Plaintiff suffered headaches, stress, nervousness, sleeplessness, upset stomach, and lack of

concentration.

42. As a result of COLCLOUGH's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to him great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALLIED

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. ALLIED is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

45. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

46. The above contacts between ALLIED and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

47. ALLIED violated the FDCPA. ALLIED's violations include, but are not limited to:

    a. §1692e(2)(a) as ALLIED falsely represented the character, amount or legal status of the debt.

    b. §1692e(5) as ALLIED threatened to take action that could not legally be taken nor did ALLIED intend to take;

    c. §1692e(10) by using false representation that Plaintiff's credit would be protected if he paid the debt;

      d. §1692e by using false, deceptive and misleading representation or means in connection with the debt collection;

      e. §1692f(1) by collecting an amount which was not authorized by agreement or law;

      f. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

48. ALLIED's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

49. As a result of the above violations of the FDCPA, ALLIED is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

      a. That judgment be entered against ALLIED for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      b. That judgment be entered against ALLIED for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

      d. That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST COLCLOUGH

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. COLCLOUGH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

52. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

53. The above contacts between COLCLOUGH and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

54. COLCLOUGH violated the FDCPA. COLCLOUGH's violations include, but are not limited to:

   a. §1692e(2)(a) as COLCLOUGH falsely represented the character, amount or legal status of the debt.
   b. §1692e(5) as COLCLOUGH threatened to take action that could not legally be taken nor did COLCLOUGH intend to take;
   c. §1692e by using false, deceptive and misleading representation or means in connection with the debt collection;
   d. §1692e(10) by using false representation that Plaintiff's credit would be protected if he paid the debt;
   e. §1692f(1) by collecting an amount which was not authorized by agreement or law;

      f. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

55. COLCLOUGH's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

56. As a result of the above violations of the FDCPA, COLCLOUGH is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

      a. That judgment be entered against COLCLOUGH for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      b. That judgment be entered against COLCLOUGH for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

      d. That the Court grant such other and further relief as may be just and proper.

## VII. THIRD CLAIM FOR RELIEF - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL.CIV.CODE §1788 et seq. AGAINST ALLIED

57. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

58. ALLIED sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff. Plaintiff is a "debtor"

as that term is defined by Cal. Civ. Code §1788.2(h).

59. ALLIED is not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

60. ALLIED violated the RFDCPA based on the following:
   a. ALLIED violated §1788.13(c) of the RFDCPA by communicating with Plaintiff on attorney stationary when not approved by an attorney.
   b. ALLIED violated §1788.13(e) of the RFDCPA by falsely representing that the debt would be increased by interest, costs and attorneys fees.
   c. ALLIED violated §1788.17 by failing to comply with federal provisions of the Fair Debt Collection Practices Act.

61. As direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, KYRAN BARR, respectfully requests judgment entered against ALLIED for the following;
   a. Declaratory judgment that ALLIED's conduct violated the Rosenthal Fair Debt Collection Practices Act;
   b. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code§1788.30(b) for each separate violation of the RFDCPA;
   c. Actual damages;
   d. Punitive damages for conduct amounting to oppression and malice under California law
   e. Costs and reasonable attorneys' fees pursuant to the

Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code§1788.30(c); and

f. Any other relief that this Honorable Court deems appropriate.

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KYRAN BARR, demands a jury trial in this case.

DATED: May 5, 2011

Respectfully Submitted,

**TATAR LAW FIRM, APC**

By: _____
Stephanie Tatar, Esq.
Attorney for Plaintiff,
KYRAN BARR

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Kyran Barr | **DEFENDANTS**<br>Law Offices of Robert J. Colclough, III<br>Allied Collection Services of California, LLC |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Stephanie R. Tatar, Esq., Tatar Law Firm, APC<br>3500 West Olive Ave., Suite 300, Burbank, CA 91505<br>(323) 744-1146 | **Attorneys** (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV11 03813

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 5-2-11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Stephanie R. Tatar, Esq. (237792)
Tatar Law Firm, APC
3500 West Olive Ave., Suite 300
Burbank, CA 91505
Tel: (323) 744-1146

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYRAN BARR, an individual,<br><br>PLAINTIFF(S)<br>v.<br>THE LAW OFFICES OF ROBERT J. COLCLOUGH, III, a business entity, form unknown, and ALLIED COLLECTION SERVICES OF CALIFORNIA, LLC, a limited liability company,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 03813 JEM**<br><br>**SUMMONS** |

TO: DEFENDANT(S): THE LAW OFFICES OF ROBERT J. COLCLOUGH, III and ALLIED COLLECTION SERVICES OF CALIFORNIA, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Stephanie R. Tatar, whose address is Tatar Law Firm, APC, 3500 West Olive Ave., Ste 300, Burbank, CA 91505. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: MAY - 3 2011

Clerk, U.S. District Court

CHRISTOPHER POWERS

By: _____
Deputy Clerk

(Seal of the Court)

1181

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)   SUMMONS

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL
## (MAGISTRATE JUDGE CIVIL CONSENT PILOT PROJECT)

*The court has directed that the following rules be specifically called to your attention:*

    I.    Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 08-09].
    II.   Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
    III.  Service of Papers and Process (Local Rule 4)

**I.**    **NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

*<u>Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.</u>*

This case has been randomly assigned to Magistrate Judge **McDermott** under the Civil Consent Pilot Project in accordance with General Order 08-09. The case number on all documents filed with the court should read as follows: **CV11 03813**

The parties are advised that they may consent to have the assigned magistrate judge conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The parties may consent to proceed only before the assigned magistrate judge.

<u>**The parties are further advised that they are free to withhold consent without adverse substantive consequences.**</u> **If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. For cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 30 days after service of the summons and complaint upon that defendant, and within 30 days by plaintiff after service upon the first-served defendant.**

**For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 11 days after the notice of removal is filed.**

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time

required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the reassigned case as the discovery judge.

You may contact the Civil Consent Case Coordinator at (213) 894-4446 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about this new Pilot Project.

## II. CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III. SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(I). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

ATTORNEYS FOR:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **KYRAN BARR** | | **CASE NUMBER** |
| | Plaintiff(s), | CV11- 3813 JEM |
| V. | | STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STASTES MAGISTRATE JUDGE |
| **THE LAW OFFICES OF ROBERT J. COLCLOUGH, III, ET AL.** | | (For use in Magistrate Judge |
| | Defendant(s) | Civil Consent Pilot Project Cases only) |

### *THIS FORM SHALL BE USED ONLY FOR CASES IN WHICH A MAGISTRATE JUDGE IS INITIALLY ASSIGNED PURSUANT TO LOCAL RULE 73-2*

All parties to the above-captioned civil matter are to check one of the two following options and file this document with the Clerk's Office:

☐ In accordance with the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P.73(b), the party or parties listed below to the above-captioned civil matter hereby waive their right to proceed before a District Judge and Consent to have the assigned Magistrate Judge John E. McDermott conduct all further proceedings in the case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☐ The party or parties listed below to the above-captioned civil matter Do Not Consent to proceed before the assigned Magistrate Judge John E. McDermott.

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name Parties) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

☐ Check this box if all parties have consented to proceed before the assigned Magistrate Judge.

**NOTICE TO COUNSEL FROM CLERK**

All parties having consented to proceed before the assigned magistrate judge, this case will remain assigned to United States Magistrate Judge John E. McDermott for all further proceedings.

CV-11C (07/09)   STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STASTES MAGISTRATE JUDGE
(For use in Magistrate Judge Civil Consent Pilot Project Cases only)